**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON**

**CIVIL ACTION NO. 25-75-DLB-CJS**

**DANA VIOLET,**  PLAINTIFF

**v.**  **MEMORANDUM OPINION AND ORDER**

**DHL GLOBAL MAIL, INC., et al.,**  DEFENDANTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

This matter is before the Court on Defendant DHL Global Mail's ("DHL") Partial Motion to Dismiss Plaintiff Dana Violet's Complaint. (Doc. # 13). Violet, proceeding *pro se*, filed her Response (Doc. # 16), DHL filed its Reply (Doc. # 18), and the matter is ripe for the Court's review. For the following reasons, DHL's Partial Motion to Dismiss (Doc. # 13) is **granted**.

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

From October 2022 to January 2025, Dana Violet worked for Defendant DHL at its facility in Hebron, Kentucky. (Doc. # 1 at 2). During the time she was employed at DHL, Violet suffered from vision impairment. (*Id.*). Because of this disability, Violet requested accommodations[1] to the terms of her employment in or around November of 2022. (Doc. # 13-2 at 2). DHL approved Violet's requested accommodations, which were subsequently updated throughout her employment. (Doc. # 1 at 2). However, despite DHL's approval

---

[1]  Although Violet repeatedly references her "accommodations" throughout her Complaint (Doc. # 1), she does not specifically identify the accommodations she requested or those that DHL authorized.

1

of her requested accommodations, Violet alleges that DHL, as well as its "management and HR employees," failed to honor them. (*Id.*). Specifically, Violet alleges that she was forced to "work outside" her accommodations. (*Id.*). Because of this, she made various internal complaints within the DHL organizational hierarchy. (*Id.* at 5).

Separate from DHL's alleged failure to honor her accommodations, Violet states that she experienced "ongoing harassment, including nasty comments from coworkers" related to her disability accommodations. (*Id.* at 2-3). As a result of this harassment and her complaints to DHL higher-ups, Violet alleges that her relationship with her coworkers and managers deteriorated. (*Id.* at 3). Because of her poor relationships with her coworkers, Violet claims that she faced "increased scrutiny," accumulated excessive write-ups, and received negative feedback on her annual reviews. (*Id.* at 3). Further, Violet alleges that she was "denied 2 pay raises that similarly situated employees received" as a result of her inflated disciplinary record. (*Id.* at 4). Violet also contends that she was not considered for various promotions because of her "excessive + unjustified writeups." (*Id.*).

In March of 2024, Violet filed a charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC"). (*Id.*; Doc. # 13-2).[2] In her EEOC Charge, Violet selected "disability" and "retaliation" as the bases of the discrimination she faced at DHL. (Doc. # 13-2 at 2). In the narrative portion of the Charge, Violet alleged that, although she requested a "reasonable accommodation due to [her] disability[,]" she

---

[2] DHL submitted, along with its Partial Motion to Dismiss (Doc. # 13), a copy of Violet's Charge of discrimination with the EEOC (Doc. # 13-2). Because Violet refers to this Charge in her Complaint (Doc. # 1 at 4) and the Charge is integral to many of her claims, the Court will consider the Charge in conjunction with the allegations contained in the Complaint without converting DHL's Partial Motion to Dismiss into a motion for summary judgment. *See Moyer v. Gov. Emp. Ins. Co.*, 114 F.4th 563, 568 (6th Cir. 2024) (citing *Bash v. Textron Fin. Corp. (In re Fair Fin. Co.)*, 834 F.3d 651, 657 n.1 (6th Cir. 2016) (quotation omitted)).

2

experienced "issues with [DHL] respecting [her] accommodation and abiding by them [sic]." (*Id.*). Violet's Charge also claims that, because she complained about DHL's failure to honor her accommodations, DHL cut her hours, sent her home early, denied her a pay raise, and allowed her to be harassed. (*Id.*). Violet also alleges that, in retaliation for filing this EEOC Charge, DHL assigned her "unsafe work tasks" in contravention of her accommodations. (Doc. # 1 at 4). Violet further claims that, in attempting to perform these tasks, she suffered "a nasty gash and bump to her forehead." (*Id.*).

In the wake of her EEOC Charge, Violet alleges that she was "interrogated" by DHL's human resources department, including Defendant Lasonia Waide-Edwards. (*Id.* at 5). Specifically, Violet alleges that Waide-Edwards harassed her by "pulling her into a conference room like [Violet] did something wrong and reading a piece of paper to [Violet] stating they were investigating a complaint of discrimination, despite [Violet having] already demonstrated her ability to read emails + paperwork." (*Id.*). Violet states that, during this discussion, when Violet asked what she did wrong, Waide-Edwards interrupted her in a "rude manner and immediately dismissed [Violet] back to work, refusing to speak further." (*Id.* at 6).

At an unspecified point during her employment at DHL, Violet began to surreptitiously record her interactions with coworkers and management in an effort to "record the ongoing harassment" she faced. (*Id.* at 5). Violet acknowledges that these recordings were made in violation of DHL's policy forbidding video recording in the workplace. (*Id.*). In January of 2025, DHL fired Violet for violations of this policy. (*Id.* at 6). Subsequently, on March 5, 2025, the EEOC dismissed Violet's Charge and issued a Notice of Rights. (Doc. # 1-2).

3

Violet filed her Complaint against DHL on June 2, 2025. (Doc. # 1). In her Complaint, Violet also names as defendants Lasonia Waide-Edwards, Alma Wade, and Cynthia Fraser (the "Individual Defendants"). (*Id.* at 1-2).[3] On September 10, 2025, DHL moved to dismiss each of Violet's claims, except for her claims under the Americans with Disabilities Act ("ADA") and her claims for disability discrimination and harassment under Kentucky law. (Doc. # 13-1 at 3 n. 4).

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While this does not require "detailed factual allegations," the plaintiff must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A complaint that 'fails to state the specific acts of the defendant which violated the plaintiff's rights' does not meet the requirements of Rule 8(a)." *Young v. FedEx Express*, No. 2:23-cv-61, 2023 WL 5573795, at *2 (E.D. Ky. Aug. 29, 2023) (quoting *Laster v. Pramstaller*, No. 08-cv-10898, 2008 WL 1901250, at *2 (E.D. Mich. Apr. 25, 2008)).

Courts liberally construe complaints filed by *pro se* plaintiffs and hold such complaints to a more lenient standard than those authored by counsel. *See Martin v. Overton*, 391 F.2d 591, 594 (6th Cir. 1989). However, this liberality has limits. *Frengler*

---

[3] Although she named them as Defendants in the Complaint, Violet indicates that she has not effected service on any of the Individual Defendants. (*See* Doc. # 12). Further, in her August 25, 2025 letter to the Court Violet stated that "[s]ince the [Individual] defendants still work for DHL Global Mail, Inc, it's not necessary to continue to include them . . . ." (*Id.*). Accordingly, the Court **orders** Violet to **show cause** why her claims against the Individual Defendants should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) within **ten (10) days** of the entry of this Order.

4

*v. Gen. Motors*, 482 F. App'x 975, 977 (6th Cir. 2012) (citations omitted). *Pro se* plaintiffs must "still comply with basic pleading standards and procedural rules." *Marshall v. Caudill*, No. 23-5938, 2024 WL 4635258, at *2 (6th Cir. Sep. 4, 2024) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)). A *pro se* pleading must "provide the opposing party with notice of the relief sought." *Frengler*, 482 F. App'x at 977. Indeed, where a *pro se* plaintiff fails to sufficiently identify a claim "it is not within the purview of the district court to conjure up claims never presented." *Id.*

In accordance with this standard, the Court accepts as true all factual allegations made by Violet in her Complaint and construes them in the light most favorable to her. *Left Fork Min. Co. v. Hooker*, 775 F.3d 768, 773 (6th Cir. 2014). But the Court is not bound to accept any "legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A complaint should only be dismissed if it is clear to the court that 'no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Herhold v. Green Tree Serv., LLC*, 608 F. App'x 328, 331 (6th Cir. 2015) (quoting *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003)).

## III. ANALYSIS

Violet's Complaint does not list her various claims in numbered paragraphs as contemplated by the Federal Rules. *See* Fed. R. Civ. P. 10(b). Rather, Violet sorts her claims into four categories: discrimination, harassment, retaliation, and wrongful termination. (Doc. # 1 at 7). For the first three of these categories, Violet identifies multiple statutes which she argues DHL violated. (*Id.*). Violet also states that DHL engaged in discrimination and harassment in violation of unspecified "state laws." (*Id.*). Likewise, she claims that DHL retaliated against her in violation of unspecified "whistleblower laws." (*Id.*).

5

Finally, she contends that DHL wrongfully terminated her employment in violation of "[a]nti-discrimination laws, public policy exceptions, employment contracts, [and] state common law." (*Id.*).  Violet's failure to prepare her Complaint in the form contemplated by Rule 10 makes it difficult to ascertain the particular claims she pursues.  *See Washington v. Petty*, No. 2:25-cv-63, 2025 WL 1372970, at *1 (E.D. Ky. May 12, 2025) (noting that such a failure undermines a plaintiff's submission).  DHL has moved to dismiss all of Violet's claims except (1) her claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12102(a) and (2) her state law disability discrimination and harassment claims.  (Doc. # 13-1 at 3 n. 4).  Turning to the claims that DHL presently moves to dismiss, the Court will first address Violet's claims under the specific federal statutes she identifies in her Complaint before turning to her claims under Kentucky law.

### A. Violet Failed to Exhaust Her Administrative Remedies Under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq*.

Violet alleges that DHL discriminated and retaliated against her in violation of the ADEA. (*Id.*).  The ADEA makes it unlawful to "discharge . . . or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age."  29 U.S.C. § 623(a)(1).  However, the ADEA does not provide plaintiffs with an immediate right to sue for a violation of its terms. "Before filing a civil action under the ADEA, a plaintiff must first file a charge alleging unlawful discrimination with the EEOC."  *Kindred v. Memphis Light, Gas and Water*, No. 22-5360, 2023 WL 3158951, at *4 (6th Cir. Feb. 27, 2023) (citing 29 U.S.C. § 626(d)).  Such a charge "shall be in writing and shall name the prospective respondent and shall generally allege the discriminatory act(s)."  29 C.F.R. § 1626.6.  Failure to adequately allege age discrimination in the charge constitutes a failure to exhaust one's remedies

6

under the ADEA. *Kindred*, 2023 WL 3158951, at *4-5. Indeed, administrative exhaustion comprises a "statutory prerequisite to maintaining claims brought under the ADEA . . . ." *Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 401 (6th Cir. 2008). Dismissal of an ADEA claim is appropriate unless the plaintiff explicitly identifies the claim in her EEOC charge or the claim can be reasonably expected to grow out of the EEOC charge. *Id.*

Here, Violet has failed to exhaust her remedies under the ADEA. Although Violet filed a charge with the EEOC and received a Notice of Rights, her Charge did not suggest that she would pursue an ADEA claim. On her Charge of discrimination, Violet only lists "disability" and "retaliation" as the bases of the discrimination she suffered. (Doc. # 13-2 at 2). Further, in the narrative portion of the Charge, Violet states that she requested an accommodation "due to [her] disability" and that she subsequently experienced "issues" with DHL's handling of this request. (*Id.*). Nowhere does Violet's Charge indicate that DHL discriminated against her on the basis of her age. (*Id.*). Instead, Violet only claims to have suffered discrimination because of her disability. (*Id.*). Thus, her EEOC Charge fails to explicitly identify an age-discrimination claim or include facts from which such a claim "can be reasonably expected to grow[.]" *Allen*, 545 F.3d at 401 (quotation omitted). Accordingly, she has failed to exhaust her administrative remedies with respect to any age-discrimination claims under the ADEA. *See Harris v. Sara Lee/Hillshire Brands Corp.*, No. 2:13-cv-151, 2014 WL 1612698, at *4 (E.D. Ky. Apr. 22, 2014) (dismissing ADEA claim for failure to exhaust remedies where the plaintiff did not check the box on his EEOC charge for discrimination based on age nor allege facts that would put the EEOC on notice of an ADEA claim); *Leonard v. Sage Hospitality Westin Cleveland Downtown Hotel*, No. 1:23-cv-33, 2023 WL 5573998, at *5 (N.D. Ohio Aug. 29, 2023) ("Because plaintiff's EEOC

charge alleges only race and retaliation (and did not check the box indicating 'age'), Westin was not on notice that plaintiff would be alleging age discrimination."); *Kindred*, 2023 WL 3158951, at *5 ("Because Kindred's charge of discrimination did not allege age discrimination . . . the district court properly granted summary judgment in favor of [the defendant] on Kindred's ADEA claim."). For this reason, Violet's claims for discrimination and harassment in violation of the ADEA are **dismissed** as not properly exhausted.

### B. Violet Failed to Exhaust Her Administrative Remedies Under Title VII.

Violet also raises claims for discrimination, harassment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Doc. # 1 at 7). Title VII "prohibits an employer from 'discriminat[ing] against any individual . . . because of such individual's race, color, religion, sex, or national origin.'" *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010). As with the ADEA, prior to bringing a Title VII action in federal court, a plaintiff must exhaust his administrative remedies by timely filing a charge of employment discrimination with the EEOC and receiving a "right-to-sue letter." *Zhang v. Univ. of Kentucky*, No. 5:25-cv-002, 2025 WL 818179, at *2 (E.D. Ky. Mar. 13, 2025) (citing *Puckett v. Tennessee Eastman Co.*, 889 F.2d 1482, 1486 (6th Cir. 1989)). "Only claims that are included in the charge or are 'reasonably related to or grow out of the factual allegations in the EEOC charge' may be heard in federal court." *Russ v. Memphis Light Gas & Water Div.*, 720 F. App'x 229, 236 (6th Cir. 2017) (quoting *Younis*, 610 F.3d at 361)). This threshold requirement "serves the dual purpose of giving the employer information concerning the conduct about which the employee complains, as well as affording the EEOC and the employer an opportunity to settle the dispute through

8

conference, conciliation, and persuasion." *Younis*, 610 F.3d 359, 361-62 (citing *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 44 (1974)).

Here, the allegations in Violet's Charge were insufficient to exhaust her administrative remedies for a Title VII claim. *Id.* As discussed above, Violet's Charge only pertains to DHL's alleged disability discrimination. (Doc. # 13-2 at 2). It does not indicate that Violet seeks to assert a claim for discrimination on any other basis. (*Id.*). However, "Title VII only protects against discrimination on the basis of certain traits, namely 'race, color, religion, sex, or national origin.'" *Russ*, 720 F. App'x at 236 (quoting 42 U.S.C. § 2000e-2(a)(1)). The Sixth Circuit has found—in strikingly similar circumstances—that a plaintiff failed to exhaust her administrative remedies under Title VII where her EEOC "charge was completely devoid of allegations of discrimination on the basis of any of the traits protected by Title VII, and instead expressly alleged that [the plaintiff] had been discriminated against on the basis of her disability." *Id.* at 236-37. Because Violet's Charge is similarly devoid of allegations suggesting a Title VII claim, she has failed to properly exhaust her administrative remedies. Therefore, her Title VII claims must be **dismissed**.

### C. Violet Failed to Exhaust Her Remedies Under the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff, *et seq*.

Violet also failed to exhaust her remedies under a third statute—the GINA. The GINA prohibits employers from refusing to hire, discharging, or discriminating against employees or prospective employees because of their genetic information. 42 U.S.C. § 2000ff-1(a). "Genetic information," as used in the GINA, means information about an employee's "genetic tests," the "genetic tests of family members" of the employee, and "the manifestation of a disease or disorder in family members" of the employee. 42 U.S.C.

9

§ 2000ff-(4)(A)(i)-(iii).  Relatedly, "genetic test" means "an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, that detects genotypes, mutations, or chromosomal changes."  42 U.S.C. § 2000ff-(7)(A).  Although the GINA's definitions sweep broadly, "there are established limits."  *Jackson v. Regal Beloit America, Inc.*, No. 2:16-cv-134, 2018 WL 3078760, at *15 (E.D. Ky. June 21, 2018).  Indeed, an employer does not violate the GINA through its "use, acquisition, or disclosure of medical information that is not genetic information about a manifested disease, disorder, or pathological condition of an employee or member, including a manifested disease, disorder, or pathological condition that has or may have a genetic basis."  42 U.S.C. § 2000ff-9.

As with Title VII and ADEA claims, "[a] condition precedent to asserting . . . a GINA claim is exhaustion of administrative remedies."  *Lee v. City of Moraine Fire Dept.*, No. 3:13-cv-222, 2015 WL 914440, at *7 (S.D. Ohio Mar. 3, 2015) (citing 42 U.S.C. § 2000ff-6).  The GINA adopts the remedial scheme established in Title VII.  *Jackson*, 2018 WL 3078760, at *15; 42 U.S.C. § 2000ff-6(a).  Thus, prior to bringing a suit in federal court for a violation of the GINA, a plaintiff must raise the claim with the EEOC.  *See* 42 U.S.C. 2000e-5(f)(1).

Violet failed to exhaust her administrative remedies under the GINA because her EEOC Charge failed to include a claim that DHL discriminated against her because of her genetic information or include any facts to put the EEOC on notice of her GINA claim. (Doc. # 13-2 at 2); *Harris*, 2014 WL 1612698, at *4.  Instead, the Charge only discusses discrimination on the basis of her disability—it does not include facts that would suggest a claim under the GINA.  (*Id.*).  In fact, Violet's Charge does not even identify the nature of her disability, let alone describe the kind of discrimination based on her "genetic

information" that would support a GINA claim. (*Id.*). Likewise, Violet did not select "genetic information" as a basis of DHL's discrimination. (*Id.*). As a result, she failed to fully exhaust her administrative remedies for her claim of discrimination in violation of the GINA and her claim is **dismissed**. *See Harris*, 2014 WL 1612698, at *4 (finding that a plaintiff failed to exhaust his administrative remedies where he did not check the box for discrimination based on "genetic information" on his EEOC charge).

### D. Violet Fails to State a Claim Under the Equal Pay Act ("EPA"), 29 U.S.C. § 206(d).

Violet next asserts a claim for discrimination in violation of the EPA. (Doc. # 1 at 7). "The Equal Pay Act prohibits employers from discriminating against an employee on the basis of sex by paying them lower wages . . . for performing equal work." *Briggs v. Univ. of Cincinnati*, 11 F.4th 498, 507 (6th Cir. 2021). To survive a motion to dismiss her EPA claim, Violet must show that DHL paid her lower wages than employees of the opposite sex "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions." *Schleicher v. Preferred Sols., Inc.*, 831 F.3d 746, 752 (6th Cir. 2016) (internal citations and quotations omitted). The EPA simply requires employers to provide equal pay for equal work—regardless of sex. It does not address other adverse employment actions or discrimination on any basis other than sex. *See Thomas v. United States Postal Service*, No. 2:22-cv-11506, 2024 WL 3297057, at *9 (E.D. Mich. July 3, 2024).

Nowhere in her Complaint does Violet allege that she was paid less than a male employee who worked in a similar role. Violet comes closest by alleging that she "was denied 2 pay raises that similarly situated employees received due to the excessive and unjustified write ups." (Doc. # 1 at 4). However, Violet does not allege that any of these

11

similarly situated employees were male or that Violet was denied these pay raises due to her sex. This failure dooms her claim under the EPA. *See Jones v. Johnson City Schools*, No. 2:25-cv-32, 2025 WL 2932632, at *5 (E.D. Tenn. Oct. 15, 2025) (dismissing plaintiff's EPA claim where he alleged that he "was paid less than a similarly situated" employee but failed to "state the sex of this comparator"); *Hodge v. Terminix Global Holdings, Inc.*, No. 3:21-cv-690, 2023 WL 1120879, at *7 (M.D. Tenn. Jan. 30, 2023) ("Hodge has not alleged that the defendants paid him less than other Terminix employees because of his sex. He therefore cannot state a claim for relief under the EPA."). Accordingly, Violet's claim under the EPA is **dismissed**.

### E. Violet Fails to State a Claim Under the Occupational Safety and Health Act ("OSH Act"), 29 U.S.C. § 651, *et seq*.

Violet also brings a claim for retaliatory discharge in violation of the OSH Act. (Doc. # 1 at 4). However, the Sixth Circuit has long recognized that the OSH Act does not afford employees a private right of action in federal court. *Taylor v. Brighton Corp.*, 616 F.2d 256, 258 (6th Cir. 1980). Rather, an employee's sole remedy under the OSH Act is to file a complaint with the Secretary of Labor. *Id.* at 259. Accordingly, courts in this Circuit have consistently dismissed OSH Act claims brought by individual employees. *See, e.g.*, *Farnham v. Campari America, LLC*, No. 5:25-cv-275, 2025 WL 3211216, at *4 (E.D. Ky. Nov. 17, 2025) (dismissing OSH Act claim and observing that the OSH Act "confers no private right of action for an employee to sue his employer"); *Furby v. DaimlerChrysler Corp.*, No. 01-70645, 2003 WL 22284556, at *4 (E.D. Mich. Sep. 17, 2003) (dismissing OSH Act claim and noting that "the Sixth Circuit has held that no private right of action exists that would permit an employee to pursue such a claim in court"). Nothing in Violet's Complaint indicates that she has filed an OSH Act claim with the Secretary of Labor. At

12

any rate, because no private right of action exists under the OSH Act, Violet's OSH Act claim must be **dismissed**.

### F. Violet Fails to State a Claim Under Federal or State Whistleblower Laws.

Violet alleges that DHL terminated her employment because of her repeated complaints about her disability accommodations and because she surreptitiously recorded the "ongoing harassment" and purported violations of her "state + federal rights." (Doc. # 1 at 5-6). DHL's conduct, she insists, "violates whistleblower laws." (*Id.* at 6). However, Violet fails to identify which whistleblower laws form the basis of her claim. (*Id.*). Although the Court acknowledges Violet's *pro se* status and gives her Complaint an appropriately lenient reading, the Court is not required to "create [Violet's] claim for her." *Payne v. Sec'y of Treasury*, 73 F. App'x 836, 837 (6th Cir. 2003). By failing to identify a single state or federal whistleblower law under which she seeks to bring claims, Violet asks the Court to do what the Circuit prohibits. That is, to create her claim for her.

Even setting this lack of clarity aside, Violet's Complaint does not include factual allegations that give rise to a claim under a state or federal whistleblower law. The federal Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b), "protects government employees from being punished for disclosing potentially embarrassing information about the operation of the government." *Weber v. Dep't of Army*, 9 F.3d 97, 101 (Fed. Cir. 1993). The WPA "does not apply to private citizens" employed by private employers. *Callan v. Fischer*, No. 3:16-cv-734, 2016 WL 6886870, at *2 (W.D. Ky. Nov. 19, 2016). Likewise, the Kentucky Whistleblower Act ("KWA"), KRS § 61.101, *et seq.*, "is intended to protect [a public employee] from retaliation when they disclose or report wrongdoing" by their employer. *Harmon v. Green-Taylor Water Dist.*, No. 1:17-cv-00071-GNS, 2017 WL

13

2312695, at *2 (W.D. Ky. May 26, 2017); KRS § 61.102. But the only employers subject to liability under the KWA are "the Commonwealth of Kentucky or any of its political subdivisions" or "any person authorized to act on behalf of the Commonwealth, or any of its political subdivisions, with respect to the formulation of policy or the supervision, in a managerial capacity, of subordinate employees." KRS § 61.101(2).

Violet does not allege that she is a government employee under the federal WPA or a public employee under the KWA. Neither does she allege that DHL is an employer under the terms of the KWA. Further, Violet has failed to identify or suggest an applicable whistleblower protection statute—either in her Complaint or her Response (Doc. # 16). Accordingly, Violet has failed to state a claim for relief under a federal or state whistleblower statute and her claim must be **dismissed**.

### G. Violet's Wrongful Discharge Claim is Pre-empted.

Finally, DHL moves to dismiss Violet's wrongful discharge claim. (Doc. # 13-1 at 9). Violet titles the fourth category of claims in her Complaint "wrongful termination." (Doc. # 1 at 4). The claims included in this category arise under: "[a]nti-discrimination laws, public policy exceptions, employment contracts, [and] state common law." (*Id.*).[4] DHL argues that this constitutes a claim for wrongful discharge under Kentucky common law. (*Id.*). However, DHL argues, such a claim is pre-empted by Violet's state law claims under

---

[4] Although Violet here refers obliquely to "employment contracts," the Complaint does not include any information as to the content or relevance of such contracts. (Doc. # 1 at 7). In its Response, DHL points out that "Violet did not have an employment contract because she was an at-will employee[.]" (Doc. # 13-1 at 18). Violet does not contest this characterization of her employment status, and her assertion of a wrongful discharge claim implies that her employment was, in fact, at-will. (*See* Doc. # 16 at 3). Thus, to the extent that her allegations are construed to include a claim for breach of contract, Violet has failed to state a plausible claim under even the lenient standard applied to *pro se* plaintiffs.

14

the Kentucky Civil Rights Act ("KCRA")[5] and her claims under the ADA, which DHL has not moved to dismiss. (Doc. # 13-1 at 9). In her Response, Violet contends that her wrongful discharge claim is not pre-empted because it is pled in the alternative pursuant to Federal Rule of Civil Procedure 8(d). (Doc. # 16 at 3).

Generally, absent a specific contractual provision to the contrary, in Kentucky employment is terminable at will. *Adkins v. Excel Mining, LLC*, 214 F. Supp. 3d 617, 626 (E.D. Ky. 2016) (citing *Firestone Textile Co. Div. v. Meadows*, 666 S.W.2d 730, 731 (Ky. 1983)). However, Kentucky courts recognize a narrow exception. *Firestone*, 666 S.W. 2d at 731. This exception—the tort of "wrongful discharge"—holds an employer liable for firing an employee where: (1) the discharge was contrary to a "fundamental and well-defined public policy" and (2) that policy is "evidenced by a constitutional or statutory provision." *Grzyb v. Evans*, 700 S.W.2d 399, 401 (Ky. 1985). Still, there is an exception to this exception. *Adkins*, 214 F. Supp. 3d at 627. A plaintiff cannot bring a claim for wrongful discharge if a statute already provides a remedy for the employer's conduct. *Grzyb*, 700 S.W.2d at 401. Specifically, where a plaintiff claims that she was discharged because of a disability in violation of public policy, she may not avail herself of the tort of wrongful discharge. *Adkins*, 214 F. Supp. 3d at 627 (noting that because the KCRA provides both a cause of action and a remedy for disability discrimination, it provides "the proper—and only—avenue for [the plaintiff's] claim") (citing *Grzyb*, 700 S.W.2d at 401).

Here, Violet argues that she was terminated because of her repeated complaints regarding her disability accommodation requests and her actions in documenting DHL's

---

[5] Violet's Complaint seeks relief for "discrimination" and "harassment" in violation of "state laws." (Doc. # 1 at 7). The Court construes this as a claim under the KCRA, which proscribes discrimination and harassment by an employer against any employee "because [the employee] is a qualified individual with a disability." KRS § 344.040.

15

"clear disregard for state and federal laws protecting [her]." (Doc. # 1 at 6). Although Violet fails to identify which "state and federal laws" offer protection from disability discrimination, it is clear that the ADA and the KCRA provide "well-defined public policies" against disability discrimination. *See, e.g., Stanley v. Our Lady of Bellefonte Hosp., Inc.*, No. 0:11-cv-110, 2012 WL 4329265, at *6 (E.D. Ky. Sep. 20, 2012). Indeed, Violet also asserts a claim for disability discrimination in violation of both the ADA and the KCRA. (Doc. # 1 at 7). Because both of these statutes already provide her with a remedy for DHL's alleged discrimination, Violet's wrongful discharge claim is pre-empted.

Nevertheless, Violet argues that Rule 8(d) permits her to assert a wrongful discharge claim in the alternative. (Doc. # 16 at 3). To be sure, under the Federal Rules, courts "frequently permit parties to plead claims that may end up being mutually exclusive." *Blevins-Clark v. Beacon Communities, LLC*, No. 5:22-cv-281, 2025 WL 1691189, at *5 (E.D. Ky. June 16, 2025) (citations omitted); *see also* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency."). But Violet's wrongful discharge claim is not merely inconsistent with her KCRA and ADA claims—it is precluded by those statutes. *Grzyb*, 700 S.W.2d at 401 ("Where the [KCRA] both declares the unlawful act and specifies the civil remedy available to the aggrieved party, the aggrieved party is limited to the remedy provided by the statute.") (internal citations omitted); *Stanley*, 2012 WL 4329265, at *6 (holding that the plaintiff's wrongful discharge claim based on disability discrimination was pre-empted by the ADA). Thus, because she asserts a claim for disability discrimination—an act declared unlawful by the KCRA and the ADA—she may *only* recover under those statutes. *See Adkins*, 214 F. Supp. 3d at 627. Accordingly, her claim for wrongful discharge is **dismissed**.

## IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** as follows:

(1) DHL's Partial Motion to Dismiss (Doc. # 13) is **granted**;

(2) DHL shall file its Answer to Plaintiff Violet's remaining claims no later than **fourteen (14) days** after the entry of this Order; and

(3) No later than **ten (10) days** after the entry of this Order, Violet shall **show cause** why her claims against the Individual Defendants should not be dismissed pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

This 5th day of January, 2026.



Signed By:
<u>David L. Bunning</u>   DB
Chief United States District Judge

G:\Judge-DLB\DATA\ORDERS\Cov2025\25-75 MOO re MTD.docx